UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEE MICHAEL TOMKO,

Plaintiff,

vs.

MARRIOT INTERNATIONAL, INC.,

Defendant.

Case No. 6:26-cv-694-CEM-RMN

# ORDER

This matter is before the Court without oral argument on Plaintiff Lee Michael Tomko's Motion for Recusal (Dkt. 57), filed September 30, 2026. Defendant Marriot International, Inc. filed a response in opposition (Dkt. 59). The Motion seeks my recusal and was referred to me for consideration. For the reasons stated below, the Motion is denied.

Plaintiff appears to seek my recusal on the grounds of bias and a lack of impartiality, alleging that I am "too biased from other cases in this court[.]" Dkt. 57. Plaintiff identifies a prior case in which he was a party, and I was the assigned magistrate judge, and states that he requested my recusal in that case due to me giving "nonsensical and vague reasons for not allowing default against the United States." *Id.* He also alleges that my bias is "evident

in the Report and Recommendation" (Dkt. 53), in which I recommended dismissing his complaint without prejudice, as he described in his objections (Dkt. 54). *Id.*

Generally, a judge should participate in cases assigned to them unless there is a legitimate reason for recusal. *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014). A party seeking the recusal of a judge bears the burden of proving the judge's bias. *See, e.g.*, *Doe v. Cabrera*, 134 F. Supp. 3d 439, 444 (D.D.C. 2015). A "magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge should recuse under section 455(a) when "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). A judge should also recuse themselves where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To warrant recusal, a judge's bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citations omitted). This means that only a personal

bias, not a judicial bias, is sufficient to justify recusal of a judge. *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988). An unfavorable decision rendered by a judge, even where the judge is "exceedingly ill disposed towards the defendant," is not a basis for recusal. *Liteky*, 510 U.S. at 550–51. And remarks alone—even those "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases"—"ordinarily do not support a bias or partiality challenge." *Id.* at 555. Only in the "rarest circumstances" do judicial rulings evidence the degree of favoritism or antagonism required to warrant recusal. *Id.*

Plaintiff does not identify any personal relationship or personal knowledge of disputed facts that would show prejudice or bias against him on my part. Nor does Plaintiff identify any fact that might cause an objective, disinterested, and fully informed lay observer to question my impartiality in this matter. The only support Plaintiff provides for his accusations of bias are prior adverse rulings and Plaintiff's own assessment that my reasoning in those rulings was deficient. Those arguments are not sufficient to warrant my recusal.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Recusal (Dkt. 57) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on November 4, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Lee Michael Tomko
4651 Caverns Drive
Kissimmee, Florida 34798
leetomko@gmail.com

Counsel of Record